## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARAG-A Limited, ARAG-O Limited, ARAG-T Limited, ARAG-V Limited, Honero Fund I, LLC, Attestor Vale Master Fund, Bybrook Capital Hazelton Master Fund LP, Bybrook Capital Master Fund LP, MCHA Holdings, LLC, Red Pines LLC, Spinnaker Global Emerging Markets Fund, Ltd., Spinnaker Global Special Situations Fund LP, Trinity Investments Limited, White Hawthorne, LLC, White Hawthorne II, LLC and Yellow Crane Holdings, L.L.C., <br><br>    Plaintiffs, <br> v. <br><br>The Republic of Argentina, <br><br>    Defendant. | 16 Civ. 2238 (TPG) <br><br> **[PROPOSED] ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION** |

Upon the accompanying declaration of Stephen Scotch-Marmo, executed on April 6, 2016, with exhibits attached thereto, the additional declarations of Pierre Bour, Robert Dafforn, Daniel Ehrmann, Jonathan Kolatch, Murat Korkmaz, Steven C. Krause, and Siong Wei Lee, all with the exhibits attached thereto, the supporting memorandum of law, and the proposed form of order granting the relief sought herein (attached hereto as Exhibit 1), it is hereby:

ORDERED, that defendant, the Republic of Argentina ("Argentina"), show cause on or before April __, 2016, why, pursuant to Fed. R. Civ. P. 65(a) and 65(e), a preliminary injunction should not be entered enjoining Argentina from submitting any notification to the Court pursuant to the Court's March 2, 2016 order in *NML Capital, Ltd. et al. v. The Republic of Argentina*, Civ. No. 08-6978, [Dkt. No. 912] (the "March 2 Order"), that Argentina has fulfilled the March 2 Order's second condition precedent to the lifting of the *pari passu* injunctions by making "full payment" to holders of defaulted Argentine bonds who entered into settlement

agreements in principle with Argentina on or before February 29, 2016, until such time as this Court has issued a ruling determining the amounts due to the moving plaintiffs (the "Movants") in accordance with the terms of their respective settlement agreements with Argentina, if determined to be enforceable, and Argentina has paid such amounts to Movants.[1]

ORDERED, that Argentina's papers in response to this Order shall be filed by April __, 2016, any reply papers shall be filed by Movants by April __, 2016, and a hearing on plaintiffs' application for a preliminary injunction shall be held on April __, 2016.

ORDERED, that pending the Court's resolution of Movants' application for a preliminary injunction, Argentina shall be temporarily restrained and barred from notifying the Court that it has satisfied the March 2 Order's second condition precedent to the lifting of the *pari passu* injunctions.

ORDERED, that the parties shall be permitted to engage in limited discovery on issues related to Movants' application for a preliminary injunction in advance of the hearing on that application.

ORDERED, that the Court's electronic filing of this Order by ECF in the above-captioned action shall be deemed good and sufficient service and notice thereof.

Dated:  New York, NY
         April __, 2016

                                             Thomas P. Griesa
                                     Senior United States District Judge

---

[1] The Movants are the following plaintiff entities: ARAG-A Limited, ARAG-O Limited, ARAG-T Limited, ARAG-V Limited, Attestor Value Master Fund LP, Bybrook Capital Master Fund LP, Bybrook Capital Hazelton Master Fund LP, Honero Fund I, LLC, MCHA Holdings, LLC, Trinity Investments Limited, White Hawthorne, LLC, White Hawthorne II, LLC, and Yellow Crane Holdings, LLC.

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARAG-A Limited, ARAG-O Limited, ARAG-T Limited, ARAG-V Limited, Honero Fund I, LLC, Attestor Vale Master Fund, Bybrook Capital Hazelton Master Fund LP, Bybrook Capital Master Fund LP, MCHA Holdings, LLC, Red Pines LLC, Spinnaker Global Emerging Markets Fund, Ltd., Spinnaker Global Special Situations Fund LP, Trinity Investments Limited, White Hawthorne, LLC, White Hawthorne II, LLC and Yellow Crane Holdings, L.L.C.,<br><br>        Plaintiffs,<br>    v.<br><br>The Republic of Argentina,<br><br>        Defendant. | 16 Civ. 2238 (TPG)<br><br>[PROPOSED] ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION |

WHEREAS, certain plaintiffs (the "Movants") have moved by order to show cause for an order, pursuant to Fed. R. Civ. P. 65(a) and 65(e), preliminarily enjoining defendant, the Republic of Argentina ("Argentina"), from submitting any notification to the Court pursuant to the Court's March 2, 2016 order in *NML Capital, Ltd. et al. v. The Republic of Argentina*, Civ. No. 08-6978, [Dkt. No. 912] (the "March 2 Order"), that Argentina has fulfilled the March 2 Order's second condition precedent to the lifting of the *pari passu* injunctions by making "full payment" to holders of defaulted Argentine bonds who entered into settlement agreements in principle with Argentina on or before February 29, 2016, until such time as this Court has issued a ruling determining the amounts due to Movants in accordance with the terms of their respective

settlement agreements with Argentina, if determined to be enforceable, and Argentina has paid such amounts to Movants.[2]

WHEREAS, pursuant to Fed. R. Civ. P. 65(a) and 65(e) and this Court's inherent equitable powers, this Court finds that Movants would be irreparably harmed if Argentina were to notify this Court that it has fulfilled the March 2 Order's second condition precedent to the lifting of the *pari passu* injunctions by having made "full payment" to holders of defaulted Argentine bonds who entered into settlement agreements in principle with Argentina on or before February 29, 2016, before this Court has issued a ruling determining the amounts due to Movants in accordance with the terms of their respective settlement agreements with Argentina, if enforceable, and Argentina has paid such amounts to Movants.

Upon consideration of Movants' motion and supporting papers, all responsive submissions thereto, and all other materials submitted to the Court, it is hereby:

ORDERED, that Argentina is enjoined from submitting any notification to the Court pursuant to the March 2 Order that Argentina has fulfilled the March 2 Order's second condition precedent to the lifting of the *pari passu* injunctions by making "full payment" to holders of defaulted Argentine bonds who entered into settlement agreements in principle with Argentina on or before February 29, 2016, until such time as this Court has issued a ruling determining the amounts due to Movants in accordance with the terms of their respective settlement agreements with Argentina, if enforceable, and Argentina has paid such amounts to Movants.

---

[2] The Movants are the following plaintiff entities: ARAG-A Limited, ARAG-O Limited, ARAG-T Limited, ARAG-V Limited, Attestor Value Master Fund LP, Bybrook Capital Master Fund LP, Bybrook Capital Hazelton Master Fund LP, Honero Fund I, LLC, MCHA Holdings, LLC, Trinity Investments Limited, White Hawthorne, LLC, White Hawthorne II, LLC, and Yellow Crane Holdings, LLC.

3

ORDERED, that this Court shall retain jurisdiction to monitor and enforce this Order, and to modify and amend it as justice requires to achieve its equitable purposes.

Dated:  New York, NY
       April __, 2016

                                            Thomas P. Griesa
                                 Senior United States District Judge